IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANTHONY STRONG                                                              PLAINTIFF

v.                                                                No. 1:17CV62-SA-JMV

UNITED STATES, ET AL.                                                      DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Anthony Strong, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff has made a variety of allegations:

(1) various defendants defamed him based upon sworn in-court statements by law enforcement officers during his change-of-plea and sentencing hearings;

(2) ATF agents used psychologic pressure when interviewing witnesses to elicit statements favorable to the prosecution;

(3) Agents violated the *Miranda* rights of Talisaha Johnson when questioning her;

(4) Agents threatened to have a state agency take Ms. Johnson's children if she did not cooperate;

(5) Agents lied during Mr. Strong's detention hearing to ensure that he remained in detention without bond;

(6) The government "misuse[d] the media" by allowing reporters to be present during the testimony at hearings in the case – and later publish news stories about the hearings;

(7) The government violated Mr. Strong's rights by waiting until an important witness in the case was incarcerated to elicit a statement from him.

For the reasons set forth below, none of these allegations state a valid claim under 42 U.S.C. § 1983, and this case will be dismissed for failure to state a claim upon which relief could be granted.

## Defamation – State Law Claim

Mr. Strong alleges that he suffered emotional distress and defamation of character as a result of the defendants' actions. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Injury to reputation by false and defamatory statements is not a right protected by due process; as such, it is not cognizable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 712, 96 S. Ct. 1155, 1166, 47 L. Ed. 2d 405 (1976). The plaintiff does not have a constitutional right to be free from defamation and emotional distress; as such, his claims for relief under 42 U.S.C. § 1983 must be dismissed. *Kerr v. Lyford,* 171 F.3d 330, 339 (5th Cir.2003), *abrogated on other grounds by Castellano v. Fragozo,* 352 F.3d 939, 948–49 (5th Cir.2003) (citing *Paul v. Davis,* 424 U.S. 693, 712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)). *Shinn v. College Station Indep. Sch. Dist.*, 96 F.3d 783, 786 (5th Cir.1996) (per curiam) (there is no freestanding constitutional right to be free from emotional distress); *see also Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e) (a *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for psychological or emotional damages). In addition, witnesses testifying under oath enjoy absolute immunity from civil suit based upon their testimony, *Briscoe v. LaHue*, 460 U.S. 325 (1983), and the news story upon which Mr. Strong bases his defamation claim merely recounts the testimony of the agents at the public hearing. For all of these reasons, Mr. Strong's claim for defamation will be dismissed for failure to state a claim upon which relief could be granted.

## *Heck*

Many of Mr. Strong's allegations in this case raise *habeas corpus* claims, which are generally barred in proceedings under 42 U.S.C. § 1983. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court clarified the relationship between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings. Under *Heck,* a § 1983 damage claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not viable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the case at hand, Mr. Strong's success in his claim for damages regarding his claims regarding: questioning witnesses using psychological pressure, violation of the *Miranda* rights of a witness, waiting until a witness is incarcerated to obtain a statement, "misuse" of the media, and committing perjury to ensure he remained incarcerated until trial; would necessarily draw into question the validity of his conviction or sentence. In addition, Mr. Strong has alleged that the prosecution engaged in outrageous conduct to obtain his conviction. Strong bases this claim of outrageous government conduct on the totality of his allegations. However, outrageous government conduct is a claim that must be raised in a *habeas corpus* proceeding, not a prisoner civil rights case. *United States v. Asibor*, 109 F.3d 1023, 1039 (5th Cir. 1997), *cert. denied* 522 U.S. 902 (1997). Therefore, Mr. Strong must "demonstrate that the conviction or sentence has already been

invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue. Strong has made no such showing; as such, these allegations will be dismissed for failure to state a claim upon which relief could be granted.

**Section 1983 Plaintiff Must Assert His Own Rights, Not the Rights of Others**

Mr. Strong's claims regarding putting psychological pressure on witnesses and violation of a witness' *Miranda* rights must also be dismissed for failure to state a claim upon which relief could be granted. A plaintiff in federal court must assert his own rights, not those of others:

> [O]rdinarily a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."

*Rogers v. Brockette*, 588 F.2d 1057, 1060 (5th Cir. 1979) (quoting *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). As these claims involve only the rights of others, Mr. Strong cannot challenge the violation of those rights in federal court, and they will be dismissed for failure to state a claim upon which relief could be granted.

**Conclusion**

For the reasons set forth above, none of the allegations in the instant case state a valid claim under 42 U.S.C. § 1983. As such, the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 26th day of February, 2018.

                                                /s/ Sharion Aycock
                                                **U.S. DISTRICT JUDGE**